[No. 36584.     Department Two.     October 10, 1963.]

WASEM'S, INC., *Appellant,* v. THE STATE OF WASHINGTON, *Respondent.**

*Reported in 385 P. (2d) 530.

*S. Dean Arnold*, for appellant.

*The Attorney General, Henry W. Wager* and *James A. Furber, Assistants*, for respondent.

FINLEY, J.—This is an action pursuant to RCW 82.32.180 for refund of sales and B and O excise taxes paid under protest after assessment by the State Tax Commission. The trial court sustained the assessment, and the taxpayer has appealed.

The appellant corporate taxpayer operates two drug stores, a furniture store, a camera and gift shop, and a warehouse in Clarkston, Asotin County, Washington. Clarkston is located on the state line adjacent to Lewiston, Idaho. Substantial proportions of appellant's furniture and drug business are with Idaho residents. Prior to the fall of 1955, appellant paid sales and B and O taxes on sales made to Idaho residents. Local merchants of Clarkston became concerned respecting the competitive disadvantage with the neighboring trading area of Lewiston, Idaho which resulted from the applicability of the Washington taxes to such sales and the nonexistence of a comparable tax in Idaho. Their concern prompted them to a method of doing business which might afford some relief from the tax on sales made to nonresidents. To accomplish this, the appellant evolved a so-called "bill of lading" plan, based upon a liberal interpretation of rule 193 of the Tax Commission, which reads, in part, as follows:

" . . . When the buyer is also the carrier, a deduction will be allowed only when the agreement between the parties obligates the seller to make delivery to a point outside of Washington. The seller must obtain and keep a *bona fide* bill of lading in which he is the consignor by which the carrier agrees to transport the goods sold, as agent of the seller, to a point outside this state."

In essence, this plan entailed the use of a "bill of lading" to transform Idaho purchasers into "carriers," acting as "agent of the seller." Such a purchaser would sign a bill of lading, whereby he agreed to deliver the goods to himself in Idaho. This, it is argued, placed the sales transactions within the format of rule 193.

Appellant submitted the plan in the form of a proposal to the Tax Commission, waited about a year, and then put it into operation late in 1955. The Tax Commission made no ruling on the proposal and took no action beyond the acknowledgment of appellant's letters. The appellant paid no more taxes on his Idaho sales. This state of affairs continued until 1960, when the Commission conducted a field audit and levied an assessment for uncollected taxes against appellant for the years 1956 through the first half of 1960, inclusive, in the sum of $11,977.34, plus interest of $1,077.34. After protest and hearing, the Commission waived the assessment of interest, but denied the appellant any further relief. The action of the Tax Commission was sustained in an appeal to the superior court.

Now, on appeal to the Supreme Court, appellant contends, first, that it has complied with the Commission's rules as to keeping records of exempt sales; and further, that the state is estopped under its own rules (rule 193 and the "bill of lading" device or procedure) and by the Commission's conduct in failing for 5 years to rule on the "bill of lading" plan.

█ We need not consider whether the published rules of the Commission could work an estoppel in a proper case, because the plan put into effect by the appellant does not qualify for the exemption or deduction provided in rule 193. We agree with the view of the trial court, as expressed in an excellent memorandum opinion written by the Honorable John E. Murray, that the expressions "carrier," and "private carrier" used in the rule must refer to a person actually engaged in the transportation business. The term "bill of lading" must mean one issued by a carrier, and not

one prepared by a merchant and signed by every purchaser who happens to be a nonresident of the state.

In short, the "bill of lading" plan falls short of transforming a purely local sale into an interstate transaction. See *Pressed Steel Car Co. v. Lyons* (1955), 7 Ill. App. (2d) 95, 129 N.E. (2d) 765.

■ As indicated above, appellant suggests that, even if the plan is ineffective, the Tax Commission is estopped by its failure to declare it so, after the repeated requests of the appellant for a ruling on the corporation's proposal. While it is likely and understandable that the continuing inaction on the part of the Tax Commission may have been frustrating for appellant's officers; nevertheless, the courts must be, and are, most reluctant to find an estoppel where the state is acting in its taxing capacity and for the enforcement and collection of taxes imposed by the legislative branch of government. *State ex rel. Department of Finance, Budget & Business v. Thurston Cy.* (1940), 6 Wn. (2d) 633, 108 P. (2d) 828. In this connection it might be noted that the Commission has foregone any interest which was due and unpaid on the taxes while the so-called "bill of lading" plan was in operation. We find that the failure of the Commission to act on the appellant's proposed tax relief plan or scheme created no estoppel.

The judgment of the trial court sustaining the taxes assessed is affirmed.

OTT, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.

---

November 22, 1963. Petition for rehearing denied.